UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MARY ELLEN BUCKHOUT,

    *Plaintiff,*

v.

STATE OF NEW YORK, SUNY
UPSTATE MEDICAL UNIVERSITY,

    *Defendant.*

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

Civ. No. 19-cv-1602 (MAD/TWD)

---

**WHEREAS**, the above-named parties are engaged in discovery that may involve, among other things, the production of information by Plaintiff Mary Ellen Buckhout ("Plaintiff") and Defendant SUNY Upstate Medical University ("Defendant"), which is confidential, including personal, medical, statutorily-protected and/or proprietary information, and whereas the parties have agreed by and between them to accept this confidential information subject the protective provisions described below, the following shall govern the production of confidential information by the parties:

**IT IS, THEREFORE, HEREBY STIPULATED AND AGREED** by and between the attorneys for the parties to this action as follows:

1. All information or materials produced or exchanged in the course of this lawsuit shall be used by the parties receiving such information or materials solely for the purposes of the prosecution or defense of this action and for no other purpose. Additionally, any party may designate as "Confidential" any category of information or documents that the party believes in good faith merits the protections of this Agreement. Any party may designate information or

materials as Confidential where that party reasonably believes that the information or materials constitute, reflect or disclose confidential, personal, private, proprietary information or other information the nature of which would subject a party to injury, annoyance, or undue expense from a non-party. Information designated as "Confidential" *may* include, without limitation:

   a. Medical and/or mental health care records (including but not limited to mental-health treatment, and/or drug or substance-abuse treatment records);
   b. Personal income tax returns; bank statements; statements of pension, retirement, or investment accounts or other accountings or estimates of assets and valuation; or other information of a personal financial nature;
   c. Any information of a personal or intimate nature regarding any non-party individual;
   d. Any records, reports, or other documents prepared by the Agency, the Governor's Office of Employee Relations or any sub-office thereof, in connection with an investigation conducted regarding any of the events at issue in the instant lawsuit;
   e. Any documents and information which counsel for the parties otherwise agree should be considered confidential material;
   f. Testimony about documents and materials covered by the above subsection.

Information or materials designated as "Confidential" shall not be made available to anyone other than as set forth herein.

2. Any party that receives information designated as "Confidential" may challenge that designation by stating its objection in writing to the counsel for the designating party within thirty (30) days of the challenging party's receipt of the Confidential material. Counsel shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel within thirty (30) days of the written objection the designating party may move for a protective order concerning the information or material pursuant to Federal Rule of Civil Procedure 26. If, after thirty (30) days of receipt of the challenging party's written objection, no party has moved for a protective order, such designations will be deemed null and void. All parties shall treat the information or material as "Confidential" during the aforementioned thirty-day resolution period.

In the event of the filing of a motion for a protective order, all parties shall further continue to treat the information or materials under challenge as "Confidential," until the Court rules on whether the information or materials merit designation as "Confidential." The burden of demonstrating the need to sustain the "Confidential" status of so-designated information or materials shall be upon the designating party.

3. Any party may designate a document or information as "Confidential" by stamping or labeling the document as such or, upon disclosure or transmission of the document or information, by accompanying correspondence clearly identifying the "Confidential" portions thereof by unique designator such as Bates number. In the case of deposition testimony the deponent or any party representative may state that a particular line or subject of questioning should be treated as "Confidential." In such event, the court reporter shall be instructed to transcribe the questions and answers on pages which shall be thereafter marked "Confidential."

4. All persons receiving "Confidential" information in this action shall maintain the confidential information in a manner which will ensure the continued confidentiality of the information and shall not make use of or disseminate said information to anyone, except for purposes of this action. Such handling precautions shall include, but not be limited to the storage and dissemination of such information and materials via secured physical facilities and/or electronic and communications networks, as well as the restriction of the dissemination of such materials to only those individuals designated below and otherwise approved by agreement of the parties. The following shall constitute individuals eligible to receive confidential information: (i) any party and/or that party's counsel; (ii) any litigation assistant (including information technology personnel), paralegal, stenographic, secretarial or clerical personnel assisting such counsel in this action; (iii) experts who are assisting counsel in the preparation of this action; (iv) any assistant,

stenographic, or clerical personnel employed by an expert or assisting such expert in this action; (v) any court reporter or typist recording or transcribing testimony; and (vi) any other persons permitted to receive such information by express agreement of the parties. Expert witnesses and persons covered in subsections (iv) and (vi) above shall be provided with this information only after execution of a written and dated statement that he or she is fully familiar with the terms of this Agreement and agrees to comply thereby.

5. In the event that any party intends to file with the court any papers that attach or enclose documents containing confidential material produced pursuant to this stipulation and Order or that contain confidential material obtained from such documents, including deposition transcripts, that party shall serve notice of such intention upon the party who designated the documents or materials as confidential, identifying (by Bates numbers as applicable) the documents or materials to be filed, not less than ten (10) business days prior to the filing thereof, to give the designating party opportunity to request or move the court to direct that such documents be filed under seal; provided, however, that such notice shall not be construed as a waiver of any applicable privilege or immunity otherwise attaching to the documents or materials.

6. If confidential information or references thereto are included in papers filed with or otherwise disclosed to the Court, such papers shall be labeled "Confidential—Subject to Court Order" and unless otherwise agreed, shall be delivered to the Clerk of this Court under seal with any appropriate application and proposed order as required by the Local Rules. Any envelopes used to seal such documents in the event of their filing in hard-copy shall bear the following notation: "Contains Confidential Information Submitted Under Seal Pursuant to a Confidentiality Order."

7. Additionally, any "Confidential" information of such a sensitive or proprietary nature that its disclosure to any other party would create a substantial risk of significant or irreparable injury, annoyance, or undue burden or expense, may be further designated "Attorney's Eyes Only." The party seeking to designate any materials "Attorney's Eyes Only" shall bear the burden of demonstrating the need for such designation pursuant to the challenge process outlined above in Paragraph 2 for "Confidential" information. Information so designated shall be handled in accordance with all of the other provisions extending herein to "Confidential" information except that information designated "Attorney's Eyes Only" may be shared *only* with counsel for any party, and persons overwise covered by Paragraph 4(ii) above.

8. Documents or materials designated "Confidential" or "Attorney's Eyes Only" shall not be disclosed in open court without first affording the designating party's counsel an opportunity to contest disclosure and/or admissibility of the designated materials. Nothing in this Stipulation and Order shall render otherwise admissible evidence inadmissible, subject only to the Court's taking action to preclude the disclosure of such evidence to anyone other than the jury, the Court itself, and such other persons that the Court deems appropriate and necessary to receive such information.

9. Nothing herein shall interfere with or otherwise abrogate the parties' obligations created by Rule 26 of the Federal Rules of Civil Procedure. Neither shall anything herein be deemed to waive any applicable privilege or excuse any party from adhering to the mandates of Federal Rule of Evidence 502. Nothing herein shall be deemed to waive the right of the receiving party to dispute a producing party's claim of privilege.

10. This Order shall continue indefinitely until or unless superseded by modification of the parties with the consent of the Court, or by subsequent Order of the Court. Within thirty (30)

days of the conclusion of this action, any counsel who received "Confidential" material or "Attorney's Eyes Only" material shall either return to the producing party's counsel all such material, and any copies thereof, in its custody, possession or control any documents containing such material in whole or in part; or else shall notify the producing party's counsel in writing that all such "Confidential" or "Attorney's Eyes Only" material has been destroyed.

11. Nothing in this Agreement and Order shall foreclose the parties from separately negotiating and agreeing in writing to the confidential treatment of documents not contemplated by this Stipulation and Order.

12. This Stipulation may be executed by the parties' respective counsel in counterparts.

Dated: December 2, 2020

/s/ *James D. Hartt*
James D. Hartt, Esq.
Attorneys for the Plaintiff
6 North Main Street
Suite 200F
Fairport, New York 14450

Dated: November 25, 2020

Letitia James
Attorney General of the State of
  New York
Attorney for the Defendant
Kyle W. Sturgess, of counsel
Litigation Bureau—Third Floor
The Capitol
Albany, New York 12224

Dated:  December 8, 2020
Syracuse, New York

SO ORDERED:

Thérèse Wiley Dancks
United States Magistrate Judge